KUSKIN, J.T.C.
Plaintiff, Township of Wantage, appealed to the Tax Court from a judgment of the Sussex County Board of Taxation denying the imposition of rollback taxes on a portion of defendant’s property. Plaintiff has moved for partial summary judgment limited to the issue of whether a portion of a tax lot, the balance of which qualifies for farmland assessment, can be subjected to rollback taxes. In addition to opposing plaintiffs motion, defendant has moved to require plaintiff to provide certain discovery. For the reasons set forth below, I grant both motions.[1]
The factual background to the motions is as follows. Defendant is the owner of property designated on the Wantage Township Tax Map as Block 116, Lot 10.01. For tax years 2003, 2004 and 2005, the entire parcel, consisting of 35.91 acres, was assessed as farmland pursuant to the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 to -23.23. For tax year 2006, defendant submit *443 ted a farmland assessment application which indicated that only five acres of the subject property were actively devoted to agricultural use. For tax year 2007, defendant’s application indicated that fifteen acres were actively devoted to agricultural use. Based on these applications, plaintiffs assessor determined that a substantial portion of the land was not being farmed and confirmed her determination by drive-by and on-site inspections. The assessor then sought to impose rollback taxes pursuant to N.J.S.A. 54:4-23.8 and N.J.S.A 54:4-23.9 for tax years 2005, 2004, and 2003 on the portion of the property not devoted to agricultural use. In accordance with the procedure contemplated by N.J.S.A. 54:4-23.9, she filed a petition with the Sussex County Board of Taxation. The County Board denied the relief sought in the petition, and plaintiff’s appeal to the Tax Court followed.
The sole issues presented by plaintiffs motion are: (1) whether a portion of a tax lot may be assessed as farmland while another portion is not so assessed, and (2) whether rollback taxes may be imposed on the portion not assessed as farmland. Plaintiff asserts that N.J.S.A. 54:4-23.16 and applicable decisional law permit the regular assessment of a portion of a tax lot even if the balance of the lot qualifies for farmland assessment, and, therefore, the non-qualifying portion may be subjected to rollback taxes. The statute upon which plaintiff relies provides as follows:
Separation or split off of a part of the land which is being valued, assessed and taxed under this act, either by conveyance or other action of tile owner of such land, for a use other than agricultural or horticultural, shall subject the land so separated to liability for the roll-back taxes applicable thereto, but shall not impair the right of the remaining land to continuance of valuation, assessment and taxation hereunder, provided it meets the 5-acre minimum requirement and such other conditions of this act as may be applicable.
[N.J.S.A. 54:4-23.16.]
In response, defendant contends that N.J.S.A. 54:4-23.16 does not apply to the facts of this matter and that, under relevant decisional law, if the predominant use of a tax lot is for agricultural purposes, the entire lot must be accorded farmland assessment status even if a portion of the lot is used for another, non- *444 agricultural, purpose.[2] Therefore, defendant asserts that no rollback taxes may be imposed on the non-agricultural portion of its property so long as the predominant use of the tax lot continues to be for agricultural purposes.
The decisional law cited by plaintiff (discussed below) supports the proposition that, where a portion of a tax lot is devoted to agricultural use and a portion is not, farmland assessment may be granted with respect to the portion devoted to agricultural use and denied as to the balance of the land. The decisional law cited by defendant (discussed below) supports the proposition that where the predominant use of a tax lot is agricultural, incidental non-agricultural use will not destroy the qualification of the entire lot for farmland assessment. None of the eases has attempted to reconcile these two approaches to farmland assessment.
An appropriate starting point for analysis is N.J.S.A. 54:4-28.16 (quoted above). This statute constitutes a recognition by our Legislature that, even in the absence of a conveyance, a portion of a tax lot not actively devoted to agricultural use may not qualify for farmland assessment even if the balance of the lot is actively devoted to agricultural use. The regulations under this statute generally reiterate the provisions of the statute which provide that, for farmland assessment purposes, a portion of a parcel of land may be separated or split off by “conveyance or other action of the owner of such land.” The wording of this phrase in the statute and regulation indicates that a conveyance is not required in order to effect a split off or separation. I interpret the statute and regulation to contemplate that a separation or split off occurs, among other circumstances, when the owner elects to use a portion of a parcel or tax lot for a purpose other than agricultural use. The Director’s regulations are consistent with this interpretation.
*445 Where a portion of a parcel of land is assessed under the [Farmland Assessment] Act and another portion of said parcel is assessed in the same manner as other general real property, each portion is to be shown on the tax list and duplicate on a separate line.
[N.J.A.C. 18:15-5.8(b).]
That farmland assessment can apply to a portion of a tax lot while the balance is subject to rollback taxes was recognized in Hamilton Township v. Estate of Lyons, 8 N.J.Tax 112 (1986), where the parcel in issue contained 71.8 acres of which approximately 16 acres were used for a mineral extraction process. The Tax Court held that the 16 acre portion of the lot was subject to rollback taxes by reason of its use for other than agricultural purposes. Id. at 120. Similarly, in Wilson v. Hopewell Township, 23 N.J.Tax 240 (2006), the court held that 29.65 acres of a 56.65 acre tax lot qualified for farmland assessment and that rollback taxes properly were imposed on the remaining 27 acres of the lot. Id. at 249.
Based on the foregoing decisions of the Tax Court and the statutory and regulatory provisions discussed above, I conclude that not only may a portion of a tax lot qualify for farmland assessment while another portion does not, but also that rollback taxes may be imposed on a portion of a tax lot when that portion is converted to a non-agricultural use.
As discussed above, defendant contends that even if a portion of a tax lot is devoted to a non-qualifying use, the entire tax lot must qualify for farmland assessment if the predominant use of the entire lot is for agricultural purposes. The predominant use approach had its origin in East Orange v. Livingston Township, 102 N.J.Super. 512, 246 A.2d 178 (Law Div.1968), aff'd, 54 N.J. 96, 253 A.2d 546 (1969) in which Judge (later Justice) Handler determined that, because the predominant use of the property in question was as a watershed to provide a public water supply, the property did not qualify for farmland assessment even though also used for the growing and sale of hay, timber, and wood that generated income adequate to satisfy the statutory requirements for such qualification. Judge Handler concluded that “from any vantage point, the agricultural uses of the Water Reserve must be *446 regarded as subservient to its dominant use as a public water supply.” Id. at 537, 246 A.2d 178. The East Orange test of dominant or predominant use was adopted by the Tax Court in Green Pond Corp. v. Rockaway Township, 2 N.J.Tax 273 (1981). In Green Pond, the court held, based on East Orange, that “although multiple uses of a parcel of land, some agricultural and some non-agricultural, do not automatically disqualify it for farmland assessment, the agricultural use must predominate.” Id. at 289.
The predominant use test also was applied in Mt. Hope Mining Co. v. Rockaway Township, 8 N.J.Tax 570 (1986), where the Tax Court held that an incidental non-agricultural use of property devoted to agricultural use did not disqualify the property from farmland assessment.
For purposes of farmland assessment, then, only when the agricultural use is not the “dominant” use, is the land not actively devoted to agricultural use. Because defendant has conceded that here the nonagricultural uses were merely incidental, plaintiffs agricultural use of its land constituted the dominant use pursuant to East Orange, supra, and Green Pond, supra. Accordingly, this court finds that plaintiff devoted its land to agricultural use within the meaning of N.J.S.A 54:4-23.2.
[Id. at 579.]
The East Orange, Green Pond, and Mt. Hope Mining cases all involved situations where the entire parcel seeking farmland assessment qualification also was used for other purposes. Where the courts found that those other purposes were the predominant use of the property, farmland assessment was denied (East Orange and Green Pond Corp.). Where the non-agricultural use was “incidental” (Mt. Hope Mining), farmland assessment was permitted. Defendant contends that the proper interpretation of these holdings is that, when the majority of a tax lot is indisputably used for agricultural purposes and qualifies for farmland assessment, the use of a small portion of that lot for an admittedly non-agricultural use does not destroy qualification of the entire lot for farmland assessment because the predominant use of the lot is for agricultural purposes.
I conclude that the predominant or dominant use test does not apply to the factual circumstances posited by defendant. In the cases applying the predominant use test, an agricultural use *447 coexisted with a non-agricultural use. No case involved a factual situation where a discrete portion of a tax lot was used only for a non-agricultural purpose. The significance of this distinction is suggested by language appearing in decisions discussing whether lands can qualify for farmland assessment even if not themselves directly used for agricultural purposes. In Andover Township v. Kymer, 140 N.J.Super. 399, 356 A.2d 418 (App.Div.1976), the court held that woodland, wet areas, and other acreage having only a marginal value for agricultural use may be granted farmland assessment as long as that acreage “is part of, appurtenant to, or reasonably required for the purpose of maintaining, the land actually devoted to farm use, particularly where it has been part of the farm for a number of years.” Id. at 403, 356 A.2d 418. In Wiesenfeld v. South Brunswick Township, 166 N.J.Super. 90, 398 A.2d 1342 (App.Div.1979), the court distinguished the facts before it from those before the court in Andover Township v. Kymer. In Wiesenfeld, the taxpayer argued that a tax lot that did not generate sufficient income to qualify for farmland assessment was entitled to farmland assessment status because it was part of another qualified farm property to which it was contiguous. The Appellate Division affirmed the Tax Court’s rejection of the taxpayer’s argument, stating that the Andover Township v. Kymer holding, that supportive acreage not itself used for farming could qualify for farmland assessment, was not applicable:
where as here there is contiguously owned, separately acquired woodland which has never functionally been part of the farm, which has not been integrated with it in any documentary manner and on which there have been undertaken independent commercial operations not conducted for the benefit of the farm or the farmer but as a completely separate business activity. Thus, it is our view' that where the woodland in question is not “part” of the farm within the rationale of Andover Tp., supra, it can, if contiguous to the farm, qualify for the farmland assessment only if proved to be both appurtenant thereto and reasonably required for its maintenance.
[Wiesenfeld v. South Brunswick Township, supra, 166 N.J.Super. at 94-95, 398 A.2d 1342.]
The Andover v. Kymer and Wiesenfeld v. South Brunswick decisions provide a basis for integrating the predominant use approach to farmland assessment qualification with the concept that a separated or split off portion of a lot may not qualify for farmland assessment even if the balance of the lot does qualify. *448 Under these cases, if the separated or split off portion of the lot is appurtenant to agricultural activities on the balance of a tax lot, reasonably required for the maintenance of those activities, and used for the benefit of the agricultural activities, then the separated or split off portion of the tax lot will qualify for farmland assessment as will the remainder of the lot. If, however, a portion of a tax lot is used for “independent commercial operations not conducted for the benefit of the farm or the farmer but as a completely separate business activity,” Wiesenfeld, supra, 166 N.J.Super. at 95, 398 A.2d 1342, then that portion of the tax lot cannot qualify for farmland assessment even if the non-farming use is not the predominant use of the entire lot.
In the matter before me, therefore, if the proofs should establish that the portion of defendant’s property which has not been accorded farmland assessment was used in the manner described in the foregoing quotation from Wiesenfeld, then a rollback assessment on that portion of the lot will be appropriate. I concur with the analysis in Hamilton Township v. Estate of Lyons, supra, 8 N.J.Tax 112, that, where the primary reason for the non-agricultural use of a portion of a lot is not to benefit the agricultural use of the balance of a lot, rollback taxes can be imposed, even if the non-agricultural use is temporary.
Although the mining excavation conducted in the present case will result in leveling the property which may have the ultimate effect of providing a more productive agricultural land, this is not the primary reason for the change in use. The primary reason for the excavation is the sale of the minerals for the production of income for distribution to the five income beneficiaries under the trust. The future agricultural land improvements resulting are incidental to the sale of the minerals.
[Id. at 119.]
I also concur with the conclusion in Hamilton Township that, where a portion of the tax lot was “converted from actively devoted farmland to mineral extraction, a use which is neither agricultural or horticultural, roll-back taxes are mandated.” Id. at 120.
Based on the preceding analysis, plaintiffs motion for partial summary judgment is granted.
*449 I need not discuss at length defendant’s motion seeking discovery. I conclude that defendant is entitled to depose the assessor and will order that such deposition be scheduled. I further conclude that defendant is entitled to examine the assessor’s entire file with respect to the subject property and therefore will order that access to such file be provided. It is my understanding that plaintiff does not oppose this discovery.

 On February 27, 2007, I issued a letter opinion granting the motions. This opinion amplifies and refines my letter opinion.

 Although the Farmland Assessment Act permits farmland assessment for uses other than "agricultural," I refer only to agricultural use in this opinion because that use is the basis for defendant’s claim that its property qualifies for farmland assessment.